# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-171V
(not to be published)

* * * * * * * * * * * * * * * * * * * * * * * *
C.N., *by his mother and natural guardian*,
PHUONG DINH,

              Petitioner,

        v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

              Respondent.
* * * * * * * * * * * * * * * * * * * * * * * *

Chief Special Master Corcoran

Filed: May 17, 2022

*Renee J. Gentry*, Vaccine Injury Clinic, George Washington Univ. Law School, Washington, DC, for Petitioner.

*Sarah B. Rifkin*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## **DECISION GRANTING IN PART ATTORNEY'S FEES AND COSTS**[1]

On February 4, 2016, Phuong Dinh filed a petition for compensation under the National Vaccine and Injury Compensation Program (the "Vaccine Program").[2] (ECF No. 1) ("Pet."). Petitioner alleged that her child, C.N., developed chronic eczema, also called atopic dermatitis ("AD"), as a result of vaccines he received on May 29 and June 26, 2013, when he was approximately two to three months old. Pet. at 1. The matter was determined via ruling on the record and Petitioner was denied entitlement. Decision, dated Feb. 14, 2022 (ECF No. 77).

---

[1] Because this Decision contains a reasoned explanation for my actions in this case, it must be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to Section 300aa of the Act (but will omit the statutory prefix).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated Mar. 25, 2022 (ECF No. 81) ("Final Fees Mot."). Petitioner requests a total of $78,353.40, with $17,117.40 to be awarded to the George Washington University Law School Vaccine Injury Litigation Clinic (the "GW Clinic"), and $61,236.00 to The Law Firm of Renée J. Gentry, Esq., based on all work performed on the matter by Ms. Gentry, several other attorneys, and her students at the GW Clinic. *Id.* at 2. The GW Clinic amount is split between fees incurred by admitted attorneys ($8,139.90) and fees based on work performed by law students ($8,977.50). Final Fees Mot. at 1. The sum requested by Ms. Gentry's firm includes $48,896.00 in fees and $12,340.00 in costs. *Id.* Respondent reacted to the final fees request on May 4, 2022. Response, dated May 4, 2022 (ECF No. 82) ("Response"). Respondent states that the Petitioner has "satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case," and asks that I exercise my discretion in determining a reasonable award for attorneys' fees and costs. Response at 2–3.

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$78,325.40**, reflecting $17,089.40 to the GW Clinic, and $61,236.00 to The Law Firm of Renée J. Gentry, Esq.

**ANALYSIS**

I.   **Petitioner's Claim had Reasonable Basis**

Although the Vaccine Act only guarantees a reasonable award of attorney's fees and costs to *successful* petitioners, a special master *may* also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, reasonable basis is only a threshold requirement in unsuccessful cases—establishing it does not *obligate* a special master to award fees, and the calculation of the sum to be awarded is otherwise subject to the same reasonableness standards governing all fees determinations.

A claim's reasonable basis must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim* itself—counsel's conduct in prosecuting the claim is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed,

2

but also take into account what was learned about the evidentiary support for the claim as the matter progressed. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[3]

Although I denied entitlement in this matter, the record contained ample evidence that established the claim's reasonable basis. It was clear that C.N. was suffering from AD close in time to the vaccination (even though I ultimately found that it was actually prior to the vaccination that C.N.'s AD began). Further, Petitioner had a credible and qualified expert, who prepared several expert reports that articulated an overall-reasonable causation opinion. And there are too few cases involving AD as an injury to suggest that a claimant (via his counsel) should be on notice in advance of filing that the claim lacks substance. Thus, because the claim possessed reasonable basis, and because I ascertain no other reasons to deny a fees award, I will permit the recovery of fees in this case despite the claim's dismissal.

## II.   Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method— "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424,

---

[3] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorneys and support staff, based on the years work was performed:

| **Attorney** | **2015** | **2016** | **2017** | **2018** | **2019** | **2020** | **2021** | **2022** |
|---|---|---|---|---|---|---|---|---|
| **Mr. Clifford J. Shoemaker** | $415.00 | $430.00 | $440.00 | $450.00 | $460.00 | - | - | - |
| **Ms. Renee J. Gentry** | $400.00 | - | - | - | - | $464.00 | $489.00 | $504.00 |
| **Ms. Sabrina S. Knickelbein** | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | - | - | - |
| **Student-Attorney** | - | - | - | - | $145.00 | $150.00 | $150.00 | $150.00 |

ECF No. 81-1 at 29, 30–31, 33.

The two jurisdictions in question where attorney work was performed—Vienna, Virginia, and Washington, D.C.—have both been deemed "in forum." Accordingly, the various lawyers who worked on this matter should be paid rates established in *McCulloch*. *See Jones v. Sec'y of Health & Hum. Servs.*, No. 15-1239V, 2019 WL 7496602, at *2–3 (Fed. Cl. Spec. Mstr. Sept. 20, 2019). The rates requested for Mr. Shoemaker's and Ms. Gentry's 2015 time are consistent with what has previously been awarded, in accordance with the Office of Special Masters' fee schedule.[4] *Id.* at *2. Ms. Knickelbein also requested a rate of a paralegal in this matter, appropriate to the actions

---

[4] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited May 16, 2022).

performed. As to the student-attorney rates, I recently awarded the requested sum. *A.Y. v. Sec'y of Health & Hum. Servs.*, No. 17-850V, 2021 WL 3660748, at *4 (Fed. Cl. Spec. Mstr. July 9, 2021). I have to make one small adjustment to the requested amounts based upon a mathematical error in the student-attorney rate. As requested for payment the 2019 rate is $145.00, however the $150.00 rate was used for every year in the supporting documentation. ECF No. 81-1 at 35–37. Therefore, there will be a reduction in the amount of $28.00, based upon the 5.6 hours of work completed in 2019. I deem the time devoted to this matter, over the course of nearly seven years, to be reasonable as well. All requested attorney and paralegal time will be awarded.

### III.     Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $12,340.00 in costs—a figure mostly representing work performed by her expert, Dr. Joseph A. Bellanti. ECF No. 81-1 at 28. He billed a total of $11,550.00, reflecting 33.0 hours of work performed at a rate of $350.00 per hour. *Id.* at 41. The rest of the requests were for the filing fee, medical records, parking, and photocopies. *Id.* at 28. I find all of the costs to be reasonable, and the expert rates acceptable and consistent with previously recorded, and will therefore fully award the costs requested as well.

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT IN PART** Petitioner's Motion, awarding a total **$78,325.40**, reflecting $17,089.40 to the GW Clinic, and $48,896.00 to The Law Firm of Renée J. Gentry, Esq. for attorney's fees, plus $12,340.00 in costs to The Law Firm of Renée J. Gentry, Esq. This shall be payable by two checks: one in the amount of $17,089.40 made payable jointly to Petitioner and her attorney, Ms. Renee Gentry, the second in the amount of $61,236.00 made payable jointly to Petitioner and her previous attorney Mr. Clifford Shoemaker. In the absence of

a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[5]

    **IT IS SO ORDERED.**

/s/ Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.